[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-11296
Non-Argument Calendar

_____

D. C. Docket No. 04-00016-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS L. GARCIA,
a.k.a. Alberto Reyneros,
a.k.a. Chuy,

Defendant-Appellant.

_____

No. 05-11298
Non-Argument Calendar

_____

D. C. Docket No. 04-00016-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

                            versus

MIGUEL GARCIA,
a.k.a. Jesus Bueno,

                                                    Defendant-Appellant.

                    _____

                          No. 05-11299
                     Non-Argument Calendar
                    _____

            D. C. Docket No. 04-00016-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

                            versus

ERNESTO GARCIA,
a.k.a. Limon,

                                                    Defendant-Appellant.

                    _____

            Appeals from the United States District Court
                 for the Middle District of Florida
                    _____

                        **(March 10, 2006)**

                                2

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

In this consolidated appeal, three brothers, Jesus, Miguel and Ernesto Garcia (the "Garcias"), appeal their sentences for conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(A)(vii). The Garcias engaged in a drug conspiracy to transport cocaine and marijuana from the Texas/Mexico border to southwest Florida, where they organized its distribution. Miguel and Ernesto organized the distribution of the cocaine and marijuana to their brother Jesus. Jesus acted as the wholesale distributer in the Fort Myers, Florida area, delivering drugs, picking up payments for prior deliveries and conducting counter-surveillance. All three brothers pled guilty. On February 10, 2005, the district court sentenced the Garcias under an advisory guidelines system. The district court sentenced Jesus Garcia to a 262-month sentence and Ernesto and Miguel Garcia to 328-month sentences. After review, we affirm.

A.     **Extra-verdict Enhancements**

On appeal, the Garcias argue that the district court violated their Sixth Amendment rights under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738

3

(2005), and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), when it enhanced their sentences based on facts that were neither admitted by them nor proven to a jury beyond a reasonable doubt.[1] We have repeatedly rejected this argument.

In <u>United States v. Chau</u>, 426 F.3d 1318 (11th Cir. 2005), we held that, when the district court applies the guidelines in an advisory manner, it does not violate a defendant's Sixth Amendment right under <u>Booker</u> by applying extra-verdict enhancements. <u>Chau</u>, 426 F.3d at 1323-24; <u>see also</u> <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1301 (11th Cir.) (explaining that <u>Booker</u> error "is not that there were extra-verdict enhancements – enhancements based on facts found by the judge that were not admitted by the defendant or establish by the jury verdict – that led to an increase in the defendant's sentence. The error is that there were extra-verdict enhancements used in a mandatory guidelines system"), <u>cert. denied</u>, 125 S. Ct. 2935 (2005).

The sentencing proceedings in this case began three weeks after <u>Booker</u> was

---

[1] Specifically, the Garcias object to the following findings by the district court: (1) that their offenses involved between 50 kilograms and 150 kilograms of cocaine, resulting in a base offense level of 36 for each defendant pursuant to U.S.S.G. § 2D1.1(c)(2); (2) that the defendants possessed firearms, resulting in a two-level increase in each defendant's offense level pursuant to U.S.S.G. § 2D1.1(b)(1); and (3) that Miguel and Ernesto Garcia were leaders or organizers in the criminal activity involving five or more participants, resulting in a four-level increase in their offense levels pursuant to U.S.S.G. § 3B1.1(a). Because the Garcias preserved their objections to the enhancements below, we review their sentences <u>de novo</u>, and will reverse only for harmful error. <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005).

decided. Throughout the hearings, the district court recognized that the Guidelines were no longer mandatory, but advisory. Accordingly, because the Guidelines were applied in an advisory fashion, the district court's use of extra-verdict enhancements did not constitute Booker error. See Chau, 426 F.3d at 1323-24.

**B.     Booker Reasonableness**

The Garcias also argue that their sentences are unreasonable under Booker because the record does not adequately reflect whether the district court analyzed and considered the factors set forth in 18 U.S.C. § 3553(a) prior to imposing their sentences. After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated sentencing range under the Sentencing Guidelines and the § 3553(a) factors. See Booker, 543 U.S. at ___, 125 S. Ct. At 764-66; United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). However, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). We review a defendant's sentence for unreasonableness in light of the § 3553(a) factors and the reasons given by the district court. United States v. Williams, ___ F.3d ___, 2006 WL 68559, at *4 (11th Cir. Jan. 13, 2006).[2]

---

[2]We reject the government's argument that this Court lacks subjectmatter jurisdiction under 18 U.S.C. § 3742(a) to review for unreasonableness a sentence within the guidelines

We reject the Garcias' arguments that their sentences were unreasonable. First, with the exception of Miguel Garcia's safety-valve argument discussed below, the Garcias do not argue on appeal that the district court failed to calculate their guidelines ranges correctly. Instead, they assert only that the district court erred in enhancing their sentences based on extra-verdict factors. Second, the court-imposed sentences were within the correctly calculated guidelines ranges and below the maximum sentence of life imprisonment.[3] See 21 U.S.C. § 841(b)(1)(A). Third, the district court stated that it had considered all the statutory factors in crafting the sentences, which was sufficient to satisfy its obligations under Booker. See Talley, 431 F.3d at 786 (explaining that "acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker"). In addition, the district court's comments reflect consideration of several § 3553(a) factors apart from the advisory guidelines ranges.[4] Although the district court did

range. See United States v. Martinez, ___ F.3d ___, 2006 WL 39541, at *3 (11th Cir. Jan. 9, 2006).

[3]The district court calculated Jesus Garcia's guidelines range to be 262 to 327 months' imprisonment and sentenced him to 262 months. The district court calculated Ernesto Garcia's guidelines range to be 324 to 405 months' imprisonment and imposed a 328-month sentence. The district court calculated Miguel Garcia's guidelines range to be 292 to 365 months and sentenced him to 328 months.

[4]In imposing Ernesto Garcia's sentence, the district court stated it had chosen his sentence at the low end of the advisory guidelines range "based on the defendant's legal status in the United States, and the fact that his criminal history, while it exists, consists of driving

not explicitly discuss each statutory factor, it was not required to do so. See Scott, 426 F.3d at 1329. We find nothing on this record that convinces us that the Garcias' sentences were unreasonable.

## C.      Miguel Garcia's Safety-valve Reduction

Miguel Garcia also argues on appeal that the district court erred by not allowing him to debrief with the government in accordance with U.S.S.G. § 5C1.2, thereby wrongfully denying him a safety-valve reduction. "Post-Booker, we continue to review the district court's application of the Guidelines just as we did pre-Booker . . . ." United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005). When reviewing the denial of safety-valve relief, we review a district court's factual determinations for clear error and the court's legal interpretation of statutes and the Guidelines de novo. United States v. Johnson, 375 F.3d 1300, 1301 (11th Cir. 2004). Here, we find no error because, regardless of whether Miguel Garcia was given an opportunity to provide information to the government, he was ineligible for safety-valve relief.

---

offenses, and he has no prior felony convictions." With regard to Miguel Garcia's sentence, the district court explained that it had imposed a sentence at the middle of the guidelines range "because [of] the defendant's participation in the conspiracy, the length of the conspiracy, and his activities with regard to the fraudulent identification while in the United States . . . ." Finally, with regard to Jesus Garcia's sentence, the district court declined to sentence below the advisory guidelines range because Jesus Garcia had "so many felony convictions" and had been "using a false name." The district court also explained that, while his role in the offense was less than his brothers', it was not a minor role and that "[h]e was in this thing for a long time, and he and his brothers were responsible for, as I found, a significant amount of cocaine."

To be eligible for safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, among other things, the defendant must not have possessed a firearm in connection with the offense or have been a leader or organizer of others in the offense. See 18 U.S.C. § 3553(f)(2), (4); U.S.S.G. § 5C1.2(a)(2), (4). The district court found that Garcia possessed a firearm during the offense and that he was an organizer or leader of the conspiracy. Garcia has not challenged these findings on appeal except to argue that these extra-verdict findings violate Booker. As we have already discussed, this Booker argument is without merit. Because Garcia was ineligible for safety-valve relief based on the district court's firearm possession and role-in-the-offense findings, Garcia's argument concerning his opportunity to debrief is immaterial. The district court properly denied Miguel Garcia's request for safety-valve relief.

For all these reasons, we affirm the Garcias' sentences.

**AFFIRMED.**